UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA





Case No. _____

18 U.S.C. § 1349
18 U.S.C. § 1347
18 U.S.C. § 371
42 U.S.C. § 1320a-7b(b)(2)(B)
18 U.S.C. § 2
18 USC S 982(a)(7)

UNITED STATES OF AMERICA

vs.

**REYNALDO CASTILLO,**
**HENDRIS CASTILLO MORALES,**
**LISBET CASTILLO BATISTA,**
**MAITE GARCIA,**
**OSVALDO MARIN MEDINA,**
**ALEJANDRO BIART,**
**ALEJANDRO JESUS CURA,**
**DANIA CHAVEZ,**
**EZEQUIEL SEVERO CASAS,**
**HUMBERTO MARTINEZ RODRIGUEZ,**
**JOSE GERARDO GONZALEZ,**
**JULIO SUAREZ,**
**NELSON RAMOS,**
**REINALDO CINTA GONZALEZ,**
**RUDY N DOMINGUEZ,**
                    and
**DIULYS MARTINEZ,**

                    **Defendants.**

_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

## __Insurance__

1.     Cigna, Blue Cross Blue Shield ("BCBS"), and United Health Care ("UHC") are "health care benefit programs, "as defined by Title 18, United States Code, Section 24(b).

2.     Miami-Dade County Public Schools, City of Miami, Pepsi Co., and other self-insured employers offered Administrative Services Only ("ASO") insurance plans to their employees.  These employers contracted with the insurance companies Cigna, BCBS, and UHC to handle the administrative tasks such as billing, claims handling, and claims payment with respect to claims submitted on behalf of their employees. These ASO insurance plans reimbursed Cigna, BCBS, and UHC for the money the insurance companies paid out for health benefits for their respective employees. As such, the employers acted in a self-insured role which means that they were financially responsible for any claim payments to their employees.

3.     The ASO insurance plans offered by Miami-Dade County Public Schools, City of Miami, Pepsi Co., and other self-insured employers, and managed by Cigna, BCBS, and UHC were health care benefit programs, as defined in Title 18, United States Code, Section 24(b).

4.     The insurance companies, including Cigna, BCBS, and UHC, often made payments directly to physicians, medical clinics, or other health care providers, rather than to the beneficiary who received the health care benefits, items, and services.  This occurred when the provider accepted assignment of the right to payment from the beneficiary.

5.     To obtain payment for treatment or services provided to a beneficiary, physicians, medical clinics, and other health care providers had to submit itemized claim forms to the beneficiary's commercial insurance plan.  The claim forms were typically submitted electronically via the internet. The claim form required certain important information,

including: (a) the beneficiary's name and identification number; (b) a description of the health care benefit, item, or service that was provided or supplied to the beneficiary; (c) the billing codes for the benefit, item, or service; (d) the date upon which the benefit, item, or service was provided or supplied to the beneficiary; and (e) the name of the referring physician or other health care provider, as well as a unique identifying number, known either as the Unique Physician Identification Number ("UPIN") or National Provider Identifier ("NPI").

6.      When a provider submitted a claim form to a private insurance plan, the provider certified that the contents of the form were true, correct, complete, and that the form was prepared in compliance with applicable laws and regulations concerning the submission of health care claims.  The provider also certified that the services being billed were medically necessary and were in fact provided as billed.

### The Defendants and Related Entities

7.      1ST Class Medical Centers Inc ("1ST Class") was a Florida corporation, located at 729 E 49th St., Hialeah, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

8.      1ST Class Medical Centers of 4 Ave, Inc. ("1ST Class of 4 Ave") was a Florida corporation, located at 1015 E 4th Ave., Hialeah, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries

9.      A Woman Health Center Inc. ("Woman Health") was a Florida corporation, located at 1035 E 4th Ave., Hialeah, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

10.     Absolute Rehabilitation Center Inc. ("Absolute") was a Florida corporation, located at 1015 E 4th Ave., Hialeah, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

11.     Best Medical Choice of FL ("Best Medical") was a Florida corporation, located at 900 W 49th St., Ste. 438, Hialeah, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

12.     D & Y Rehabilitation Center Inc. ("D & Y") was a Florida corporation, located at 1140 W 50th St., Ste. 200B, Hialeah, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

13.     Doral Health and Recovery Center Corp ("Doral Health") was a Florida corporation, located at 3900 NW 79th Ave., Ste. 807, Doral, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

14.     Doral Recovery Center Inc. ("Doral Recovery") was a Florida corporation, located at 3900 NW 79th Ave., Ste. 807, Doral, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

15.     Emanuel Therapeutic Massage Inc. ("Emanuel") was a Florida corporation, located at 1035 E 4th Ave., Hialeah, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

16.     First Clinical Choice Corp ("First Clinical") was a Florida corporation, located at 900 W 49th St., Ste. 438, Hialeah, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

17.    G&G Rehabilitation Center Corp ("G&G") was a Florida corporation, located at 1025 E 4th Ave., Hialeah, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

18.    GLGV Rehabilitation Center Corp ("GLGV") was a Florida corporation, located at 3750 W 16th Ave., Ste. 244-U, Hialeah, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

19.    Great Professional Center Inc. ("Great Professional") was a Florida corporation, located at 1140 W 50th St., Ste. 402, Hialeah, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

20.    Health Max Medical Center Inc. ("Health Max") was a Florida corporation, located at 900 W 49th St., Ste. 406, Hialeah, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

21.    Health Medical Center First Choice ("Health Medical") was a Florida corporation, located at 1140 W 50th St., Ste. 400B, Hialeah, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

22.    Healthy Rehab Center ("Healthy") was a Florida corporation, located at 900 W 49th St., Ste. 505, Hialeah, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

23.    JJ Rehabilitation Center Corp ("JJ") was a Florida corporation, located at 1005 E 4th Ave., Hialeah, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

24.     JRG Rehabilitation Center Inc. ("JRG") was a Florida corporation, located at 1140 W 50th St., Ste. 406/208, Hialeah, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

25.     Lauralex Medical Services Inc. ("Lauralex") was a Florida corporation, located at 3900 NW 79th Ave., Ste. 739, Doral, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

26.     Liberty Rehab INS Inc. ("Liberty") was a Florida corporation, located at 1140 W 50th St., Ste. 200B, Hialeah, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

27.     M&Y Absolute Health Services Inc. ("M&Y") was a Florida corporation, located at 1140 W 50th St., Ste. 403, Hialeah, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

28.     Maydel Medical Center Corp ("Maydel") was a Florida corporation, located at 1140 W 50th St., Ste. 400B, Hialeah, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

29.     Miami Solution Center Corp ("Miami Solution") was a Florida corporation, located at 1140 W 40th St., Ste. 403, Hialeah, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

30.     One Star Medical Center ("One Star") was a Florida corporation, located at 900 W 49th St., Ste. 438, Hialeah, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

31.    Premier Health Services Inc. ("Premier") was a Florida corporation, located at 6501 NW 36th St., Ste. 312, Miami, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

32.    Progressive Quality Care Corp ("Progressive") was a Florida corporation, located at 1140 W 50th St., Ste. 402, Hialeah, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

33.    Therapeutic Massage Services of Okeechobee Road Corp ("Therapeutic") was a Florida corporation, located at 8040 NW 95th St., Ste. 223-224,   Hialeah   Gardens,   Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

34.    Unique Relief Inc. ("Unique") was a Florida corporation, located at 4445 W 16th Ave., Hialeah, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

35.    Universal Recovery Center Corp ("Universal") was a Florida corporation, located at 1140 W 50th St., Ste. 202, Hialeah, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

36.    Vital Care Rehabilitation LLC ("Vital") was a Florida corporation, located at 6850 Coral Way, Ste. 308, Miami, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

37.    YD Medical & Rehabilitation Center Inc. ("YD") was a Florida corporation, located at 4999 W 8th Ave., Ste. 1, Hialeah, Florida, that did business in Miami-Dade County purportedly providing medical services to private insurance beneficiaries.

38.    Defendant **REYNALDO CASTILLO** was a resident of Miami-Dade County.

39.     Defendant **HENDRIS CASTILLO MORALES** was a resident of Miami-Dade County.

40.     Defendant **LISBET CASTILLO BATISTA** was a resident of Miami-Dade County.

41.     Defendants **REYNALDO CASTILLO, LISBET CASTILLO BATISTA,** and **HENDRIS CASTILLO** incorporated Investors Group of Florida Corp. to receive proceeds from medical clinics and other co-conspirators, and utilized those proceeds to purchase real estate properties. Investors Group of Florida Corp. was listed as owner of these properties and acted as leasing agent.  **REYNALDO CASTILLO** was the president and registered agent of the Investors Group of Florida Corp.

42.     Defendant **MAITE GARCIA**, a resident of Miami-Dade County, was the registered agent for Best Medical, Health Medical, JJ, and Unique, and utilized her massage therapy license to open these companies.

43.     Defendant **OSVALDO MARIN MEDINA**, a resident of Miami-Dade County, was the registered agent of 1st Class.

44.     Defendant **ALEJANDRO BIART**, a resident of Miami-Dade County, recruited and paid private insurance beneficiaries whose information was used to submit false and fraudulent claims to private insurance plans, and ASO insurance plans managed by Cigna, UHC, and BCBS.

45.     Defendant **ALEJANDRO JESUS CURA**, a resident of Miami-Dade County, was the registered agent for Doral Recovery, JRG, Lauralex, Premier, and Universal.

46.     Defendant **DANIA CHAVEZ**, a resident of Miami-Dade County, was the registered agent for Best Medical, Doral Health, Emanuel, First Clinical, G&G, Great

Professional, Health Max, JJ, Lauralex, Maydel, Miami Solution, and Progressive.

47.     Defendant **EZEQUIEL SEVERO CASAS,** a resident of Miami-Dade County, was the registered agent for Best Medical, D&Y, Emanuel, Health Medical, Healthy Rehab, JJ, Lauralex, Premier, Universal and YD.

48.     Defendant **HUMBERTO MARTINEZ RODRIGUEZ,** a resident of Miami-Dade County, was the registered agent for First Clinical and Great Professional and utilized his massage therapy license to open the companies.

49.     Defendant **JOSE GERARDO GONZALEZ,** a resident of Miami-Dade County, was the registered agent for Doral Health, Doral Recovery, Health Max, Lauralex, Premier, and Universal.

50.     Defendant **JULIO SUAREZ,** a resident of Miami-Dade County, was the registered agent for 1st Class of 4 Ave, GLGV, JRG, Liberty, Miami Solution, and Universal.

51.     Defendant **NELSON RAMOS,** a resident of Miami-Dade County, was the registered agent for Woman Health, D&Y, GLGV, and Maydel.

52.     Defendant **REINALDO CINTA GONZALEZ,** a resident of Miami-Dade County, was the registered agent for Doral Health, Health Max, Miami Solution, Therapeutic, and Vital Care and utilized his massage therapy license to open the companies.

53.     Defendant **RUDY N DOMINGUEZ,** a resident of Miami-Dade County, was the registered agent of 1st Class and 1st Class of 4 Ave.

54.     Defendant **DIULYS MARTINEZ,** a resident of Miami-Dade County, was the registered agent of Emanuel and utilized her massage therapy license to open the company.

<u>**COUNT 1**</u>
**Conspiracy to Commit Health Care Fraud and Wire Fraud**
**(18 U.S.C. § 1349)**

1.      Paragraphs 1 through 54 of the General Allegations section of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2.      From in or around October 2012, and continuing through in or around February 2015, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**REYNALDO CASTILLO,**
**HENDRIS CASTILLO MORALES,**
**LISBET CASTILLO BATISTA,**
**MAITE GARCIA,**
**OSVALDO MARIN MEDINA,**
**ALEJANDRO BIART,**
**ALEJANDRO JESUS CURA,**
**DANIA CHAVEZ,**
**EZEQUIEL SEVERO CASAS,**
**HUMBERTO MARTINEZ RODRIGUEZ,**
**JOSE GERARDO GONZALEZ,**
**JULIO SUAREZ,**
**NELSON RAMOS,**
**REINALDO CINTA GONZALEZ,**
**RUDY N DOMINGUEZ**
**and**
**DIULYS MARTINEZ,**

did knowingly and willfully, that is, with the intent to further the objects of the conspiracy, combine, conspire, confederate and agree with each other and others known and unknown to the Grand Jury, to commit offenses against the United States of America, that is:

a.      to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Cigna, BCBS, and UHC and ASO insurance plans managed by Cigna, BCBS, UHC, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit

programs, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347; and

      b.    to knowingly and with intent to defraud, devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

      3.    It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to a health care benefit program; (b) concealing the submission of false and fraudulent claims to a health care benefit program; (c) concealing the receipt of the fraud proceeds; and (d) diverting the fraud proceeds for their personal use and benefit, and the use and benefit of others, and to further the fraud.

## MANNER AND MEANS OF THE CONSPIRACY

    The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

      4.    **REYNALDO CASTILLO, HENDRIS CASTILLO MORALES, LISBET CASTILLO BATISTA,** and **MAITE GARCIA** owned and controlled the companies described in paragraphs 7 through 37 of the General Allegations section of this Indictment.

5.    **REYNALDO CASTILLO, HENDRIS CASTILLO MORALES, LISBET CASTILLO BATISTA,** and **MAITE GARCIA** utilized medical director staffing companies to obtain and misappropriate the names and licensing information for numerous physicians. This information was then used to submit false and fraudulent claims to private insurance plans.

6.    **ALEJANDRO BIART** accepted kickbacks from co-conspirators in return for referring Cigna beneficiaries to the companies described in paragraphs 7 through 37 of the General Allegations section of this Indictment.   These beneficiaries signed documents falsely and fraudulently representing that they had received medical services when, in fact, they had not received medical services.

7.    **OSVALDO MARIN MEDINA, HUMBERTO MARTINEZ RODRIGUEZ, ALEJANDRO JESUS CURA, DANIA CHAVEZ, EZEQUIEL SEVERO CASAS, JOSE GERARDO GONZALEZ, JULIO SUAREZ, NELSON RAMOS, REINALDO CINTA GONZALEZ, RUDY N DOMINGUEZ** and **DUILYS MARTINEZ** agreed, in exchange for a fee, to have companies placed in their names, to open bank accounts and check cashing accounts in the names of the companies, and to cash and deposit checks received from Cigna, BCBS, and UHC.

8.    **REYNALDO CASTILLO** and his co-conspirators submitted and caused the submission of false and fraudulent claims to private insurance plans, via interstate wire transmission, including Cigna, BCBS, UHC, and ASO insurance plans managed by Cigna, BCBS, and UHC, on behalf of the companies indicated below, seeking approximately $125,676,324 as reimbursement for injection treatments, physical therapy treatments, and other medical items and services which were neither ordered by a physician nor provided to a beneficiary as claimed.   Based on these false and fraudulent claims, private insurance plans

including Cigna, BCBS, and UHC and ASO insurance plans managed by Cigna, BCBS, and UHC, paid the medical clinics approximately $13,853,392 as listed below:

| Medical Clinic | Approximate Amount Submitted to Insurance Plan | Approximate Amount Paid by Insurance Plan |
|---|---|---|
| 1ST CLASS MEDICAL CENTERS INC | $404,899 | $4,304 |
| A WOMAN HEALTH CENTER INC | $1,838,958 | $314,165 |
| 1ST CLASS MEDICAL CENTERS OF 4 AVE, INC | $552,066 | $211,369 |
| ABSOLUTE REHABILITATION CENTER INC | $2,061,721 | $194,114 |
| BEST MEDICAL CHOICE OF FL | $2,024,463 | $100,914 |
| D & Y REHABILITATION CENTER INC | $1,965,456 | $181,851 |
| DORAL HEALTH AND RECOVERY CENTER CORP | $3,266,677 | $15,490 |
| DORAL RECOVERY CENTER INC | $3,125,678 | $115,778 |
| EMANUEL THERAPEUTIC MASSAGE INC | $8,273,424 | $1,281,999 |
| FIRST CLINICAL CHOICE CORP | $5,385,460 | $384,229 |
| G&G REHABILITATION CENTER CORP | $2,309,239 | $226,245 |
| GLGV REHABILITATION CENTER CORP | $6,965,465 | $306,618 |
| GREAT PROFESSIONAL CENTER INC | $6,488,541 | $441,572 |
| HEALTH MAX MEDICAL CENTER INC | $6,031,642 | $919,006 |
| HEALTH MEDICAL CENTER FIRST CHOICE | $1,083,224 | $309,330 |
| HEALTHY REHAB CENTER | $677,041 | $0.00 |
| JJ REHABILITATION CENTER CORP | $1,101,208 | $147,050 |
| JRG REHABILITATION CENTER INC | $8,316,749 | $1,002,652 |
| LAURALEX MEDICAL SERVICES INC | $2,230,515 | $412,132 |

| Medical Clinic | Approximate Amount Submitted to Insurance Plan | Approximate Amount Paid by Insurance Plan |
|---|---|---|
| LIBERTY REHAB INS INC | $4,520,463 | $455,903 |
| M&Y ABSOLUTE HEALTH SERVICES INC. | $4,239,638 | $164,727 |
| MAYDEL MEDICAL CENTER CORP | $2,650,603 | $52,372 |
| MIAMI SOLUTION CENTER CORP | $1,598,144 | $123,078 |
| ONE STAR MEDICAL CENTER | $2,210,275 | $9,189 |
| PREMIER HEALTH SERVICES INC | $5,646,936 | $1,047,376 |
| PROGRESSIVE QUALITY CARE CORP | $4,249,312 | $371,061 |
| THERAPEUTIC MASSAGE SERVICES OF OKEECHOBEE ROAD CORP | $6,618,924 | $1,308,615 |
| UNIQUE RELIEF INC | $336,190 | $54,645 |
| UNIVERSAL RECOVERY CENTER CORP | $12,342,632 | $2,504,632 |
| VITAL CARE REHABILITATION LLC | $1,292,250 | $225,196 |
| YD MEDICAL & REHABILITATION CENTER INC | $11,503,653 | $820,600 |

9.      **REYNALDO CASTILLO, LISBET CASTILLO BATISTA,** and **HENDRIS CASTILLO MORALES** used Investors Group of Florida Corp. to divert the fraud proceeds for their personal use and benefit and to further the fraud.

All in violation of Title 18, United States Code, Section 1349.

### COUNTS 2-12
### Health Care Fraud
### (18 U.S.C. § 1347)

1.      Paragraphs 1 through 54 of the General Allegations section of this Indictment

14

are realleged and incorporated by reference as if fully set forth herein.

2.     From in or around October 2012, and continuing through in or around February

2015, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**REYNALDO CASTILLO,**
**HENDRIS CASTILLO MORALES,**
**LISBET CASTILLO BATISTA,**
**MAITE GARCIA,**
**OSVALDO MARIN MEDINA,**
**ALEJANDRO BIART,**
**ALEJANDRO JESUS CURA,**
**DANIA CHAVEZ,**
**EZEQUIEL SEVERO CASAS,**
**HUMBERTO MARTINEZ RODRIGUEZ,**
**JOSE GERARDO GONZALEZ,**
**JULIO SUAREZ,**
**NELSON RAMOS,**
**REINALDO CINTA GONZALEZ,**
**RUDY N DOMINGUEZ**
**and**
**DIULYS MARTINEZ,**

as specified below, in connection with the delivery of and payment for health care benefits,

items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and

artifice to defraud a health care benefit program affecting commerce, as defined in Title 18,

United States Code, Section 24(b), that is, Cigna, BCBS, and UHC, and ASO insurance plans

managed by Cigna, BCBS and UHC, and to obtain, by means of materially false and fraudulent

pretenses, representations, and promises, money and property owned by, and under the custody

and control of said health care benefit program.

## Purpose of the Scheme and Artifice

3.     It was a purpose of the scheme and artifice for the defendants and their

accomplices to unlawfully enrich themselves by, among other things: (a) submitting and causing

the submission of false and fraudulent claims to a health care benefit program; (b) concealing the

submission of false and fraudulent claims to a health care benefit program; (c) concealing the receipt of the fraud proceeds; and (d) diverting the fraud proceeds for their personal use and benefit, and the use and benefit of others, and to further the fraud.

### The Scheme and Artifice

4.    The allegations contained in paragraphs 4 through 9 of the Manner and Means section of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

### Acts in Execution or Attempted Execution of the Scheme and Artifice

5.    On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants, as specified in each count below, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud  health care benefit programs affecting commerce, that is, Cigna, BCBS, and UHC, and ASO insurance plans managed by Cigna, BCBS, and UHC, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in that the defendants submitted and caused the submission of false and fraudulent claims to Cigna, BCBS, and UHC and ASO insurance plans managed by Cigna, BCBS, and UHC seeking the identified dollar amounts, and representing that the medical clinics listed below provided medical items and services to commercial beneficiaries pursuant to physicians' orders and prescriptions:

| Count | Bene. (Ins. Plan) | Clinic | Approx. Date Claim Received | Claim Number | Defendant(s) | Services Claimed; Approx. Amount Claimed |
|---|---|---|---|---|---|---|
| 2 | Y.W. (Cigna) | Emanuel | 05/02/13 | 4221312390955 | **REYNALDO CASTILLO, HENDRIS CASTILLO MORALES, LISBET CASTILLO BATISTA, MAITE GARCIA and DIULYS MARTINEZ** | Injection Synvisc-One and SYNVISC, per 1mg (J7325); $4,032 |
| 3 | K.A. (Cigna) | Miami Solution | 06/20/13 | 4221317191574 | **REYNALDO CASTILLO, HENDRIS CASTILLO MORALES, DANIA CHAVEZ, and REINALDO CINTA GONZALEZ** | Injection Synvisc-One and SYNVISC, per 1mg (J7325); $2,016 |
| 4 | D.D.D. (Cigna) | Doral Health | 07/30/13 | 7221321192060 | **REYNALDO CASTILLO, MAITE GARCIA, JOSE GERARDO GONZALEZ and REINALDO CINTA GONZALEZ** | Injection Synvisc-One and SYNVISC, per 1mg (J7325); $4,032 |
| 5 | M.K. (Cigna) | Best Medical Choice | 08/02/13 | 8221321591963 | **REYNALDO CASTILLO, HENDRIS CASTILLO MORALES and MAITE GARCIA** | Injection Synvisc-One and SYNVISC, per 1mg (J7325); $4,800 |

| Count | Bene. (Ins. Plan) | Clinic | Approx. Date Claim Received | Claim Number | Defendant(s) | Services Claimed; Approx. Amount Claimed |
|---|---|---|---|---|---|---|
| 6 | S.D. (Cigna) | JRG | 08/13/13 | 102130813006053 | **REYNALDO CASTILLO, HENDRIS CASTILLO MORALES, LISBET CASTILLO BATISTA, ALEJANDRO JESUS CURA, and JULIO SUAREZ** | Injection Synvisc-One and SYNVISC, per 1mg (J7325); $4,800 |
| 7 | E.L. (Cigna) | First Clinical | 08/22/13 | 7861323590473 | **REYNALDO CASTILLO, HENDRIS CASTILLO MORALES, LISBET CASTILLO BATISTA, HUMBERTO MARTINEZ RODRIGUEZ, JOSE GERARDO GONZALEZ and JULIO SUAREZ** | Injection, Methocarbamol up to 10 ml (J2800); $2,625 |
| 8 | R.B. (Cigna) | D&Y | 11/16/13 | 9221332092476 | **REYNALDO CASTILLO, HENDRIS CASTILLO MORALES, LISBET CASTILLO BATISTA, JULIO SUAREZ and NELSON RAMOS** | Injection Methylprednisolone Acetate, per 80mg (J1040); $2,400 |

| Count | Bene. (Ins. Plan) | Clinic | Approx. Date Claim Received | Claim Number | Defendant(s) | Services Claimed; Approx. Amount Claimed |
|---|---|---|---|---|---|---|
| 9 | B.L. (Cigna) | A Woman Health | 11/21/13 | 9221332690098 | **REYNALDO CASTILLO, HENDRIS CASTILLO MORALES, LISBET CASTILLO BATISTA and MAITE GARCIA** | Injection Methylprednisolone Acetate, per 80mg (J1040); $2,400 |
| 10 | T.M. (Cigna) | D&Y | 12/6/13 | 8221334001750 | **REYNALDO CASTILLO, HENDRIS CASTILLO MORALES, LISBET CASTILLO BATISTA, EZEQUIEL SEVERO CASAS and JULIO SUAREZ** | Injection Methylprednisolone Acetate, per 80mg (J1040); $2,400 |
| 11 | R.P. (BCBS) | 1st Class of 4th Ave | 11/25/14 | H100000440705060 | **REYNALDO CASTILLO, HENDRIS CASTILLO, LISBET CASTILLO BATISTA, ALEJANDRO BIART and RUDY N DOMINGUEZ** | Injection, Methocarbamol up to 10 ML (J2800); $4,725 |

| Count | Bene. (Ins. Plan) | Clinic | Approx. Date Claim Received | Claim Number | Defendant(s) | Services Claimed; Approx. Amount Claimed |
|---|---|---|---|---|---|---|
| 12 | A.R. (BCBS) | 1st Class | 01/09/15 | H100000447572982 | **REYNALDO CASTILLO, HENDRIS CASTILLO, LISBET CASTILLO BATISTA, ALEJANDRO BIART and OSVALDO MARIN MEDINA** | Injection, Methocarbamol up to 10 ML 10 ML (J2800); $4,200 |

In violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT 13
### Conspiracy to Pay Health Care Kickbacks
### (18.S.C. § 371)

1.    Paragraphs 1 through 6, 13, 30, and 42 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.    From in or around October 2012, and continuing through in or around February 2015, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### MAITE GARCIA,

did willfully, that is with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate and agree with others known and unknown to the Grand Jury to commit an offense against the United States, that is, to violate Title 42, United States Code, Section 1320a-7b(b)(2)(B), by knowingly and willfully offering and paying remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly,

in cash and in kind, including by check, in return for purchasing, leasing, ordering and arranging for, and recommending purchasing, leasing, and ordering, any good, service and item, that is, physical therapy and injections, for which payment maybe made in whole or in part by a federal health care program, that is, Cigna, BCBS, and UHC and ASO insurance plans managed by Cigna, BCBS, and UHC.

## PURPOSE OF THE CONSPIRACY

3.      It was the purpose of the conspiracy for the defendant and her co-conspirators to unlawfully enrich themselves by: (1) offering and paying kickbacks and bribes to private insurance beneficiaries to serve as patients of Doral Health and One Star, and (2) submitting and causing the submission of claims to Cigna for medical and services that Doral Health and One Star purported to provide to those beneficiaries.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and her co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4.      **MAITE GARCIA** paid kickbacks and bribes to beneficiaries D.P. and D.R. in order to reimburse the beneficiaries for their monthly premium payments to Cigna.

5.      **MAITE GARCIA** and her co-conspirators caused Doral Health and One Star to submit claims for medical items and health care services allegedly provided to D.P. and D.R.

6.      As a result of these claims, Cigna made payments to Doral Health and One Star.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its object and purpose, at least one co-conspirator committed and caused to be committed, in the Southern District of Florida, at least one of the following overt acts, among others:

1.      On or about April 29, 2013, **MAITE GARCIA** paid approximately $363 via check to D.P. to reimburse D.P. for her monthly insurance premium payment to Cigna.

2.      On or about April 29, 2013, **MAITE GARCIA** paid approximately $650 via check to D.R. to reimburse D.R. for her insurance premium payment to Cigna.

All in violation of Title 18, United States Code, Section 371.

**COUNTS 14-15**
**Payment of Kickbacks in Connection with a Federal Health Care Program**
**(42 U.S.C. § 1320a-7b(b)(2)(B))**

1.      Paragraphs 1 through 6, 13, 30, and 42 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about the dates enumerated below as to each count, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**MAITE GARCIA,**

did knowingly and willfully offer and pay remuneration, that is, kickbacks and bribes directly and indirectly, overtly and covertly in cash and in kind, including by checks as set forth below, in return for purchasing, leasing, and ordering, and arranging for, and recommending purchasing, leasing, and ordering any item or service for which payment may be made in whole and in part by a Federal health care program, that is, Cigna, as set forth below:

| Count | Approximate Date | Approximate Kickback Amount |
|-------|------------------|------------------------------|
| 14 | 04/29/2013 | $363 |
| 15 | 04/29/2013 | $650 |

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(B) and Title 18, United States Code, Section 2.

## FORFEITURE
### (18 U.S.C. § 982) (a)(7))

1.     The allegations contained in this Indictment are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **REYNALDO CASTILLO, HENDRIS CASTILLO MORALES, LISBET CASTILLO BATISTA, MAITE GARCIA, OSVALDO MARIN MEDINA, ALEJANDRO BIART, ALEJANDRO JESUS CURA, DANIA CHAVEZ, EZEQUIEL SEVERO CASAS, HUMBERTO MARTINEZ RODRIGUEZ, JOSE GERARDO GONZALEZ, JULIO SUAREZ, NELSON RAMOS, REINALDO CINTA GONZALEZ, RUDY N DOMINGUEZ, and DIULYS MARTINEZ,** have an interest.

2.     Upon conviction of any violation of Title 18, United States Code, Sections 1347 or 1349, as alleged in Counts 1 through 12 of this Indictment, the defendants shall forfeit to the United States all of their respective right, title, and interest in any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such violation, pursuant to Title 18, United States Code, Section 982(a)(7).

3.     The property subject to forfeiture includes, but is not limited to, the following:

A.     The sum of $13,853,392, which amount is equal to the gross proceeds traceable to the violations alleged in this Indictment, which the United States will seek as a forfeiture money judgment as part of each defendant's sentence.

B.     Real Properties

1. 729 E. 49th St, Hialeah, FL;

2. 1500, 1514 and 1520 E. 4th Ave, Hialeah, FL;

3. 2750 Palm Ave, Hialeah, FL;

4. 1011 E. 4th Ave – 1025 E. 4th Ave, Hialeah, FL; and

5. 75 W. 21st St. and 91 W. 21st St, Hialeah, FL.

C.    Bank Accounts

| BANK | ACCOUNT NO. | ACCOUNT NAME | AMOUNT |
|---|---|---|---|
| Bank of America | 898050881494 | Lauralex Medical Services Inc. | $155,778 |
| Bank of America | 229047765480 | Health Medical Center First Choice Inc. | $266,110 |
| Bank of America | 229047766191 | Miami Solution Center | $91,516 |
| Bank of America | 229042108631 | Emanuel Therapeutic Massage, Inc. | $335,522 |
| Bank of America | 229050859024 | Miami Solution Center Corp. | $24,994 |
| BB&T | 241732746 | Great Professional Center | $95,000 |
| BB&T | 241732754 | Health Max Medical Center | $18,000 |
| BB&T | 242390954 | Dania Chavez | $25,000 |
| Citibank | 9137013475 | A Woman Health Center Inc. | $183,222 |
| Citibank | 9135617705 | Health Max Medical Center | $229,006 |
| Citibank | 9136097078 | Premier Health Service Inc. | $77,783 |
| Citibank | 9137447559 | Investors Group of Florida Corp. | $190,944 |
| Citibank | 9137448147 | H&C Services of Miami Corp. | $40,000 |
| Citibank | 9137640495 | Lisbet Castillo Batista | $3,105 |
| JP Morgan Chase | 183387883 | Best Medical Choice of Florida Corp. | $15,295 |
| JP Morgan Chase | 198610506 | Emanuel Therapeutic Massage, Inc. | $339,227 |
| JP Morgan Chase | 168931120 | Health Max Medical Center | $403,615 |
| JP Morgan Chase | 186112295 | Universal Recovery Center | $535,160 |
| JP Morgan Chase | 183798095 | First Clinical Choice Corp. | $276,412 |
| JP Morgan Chase | 986248136 | Rey & M Bodyshop Inc. | $92,000 |

| BANK | ACCOUNT NO. | ACCOUNT NAME | AMOUNT |
|---|---|---|---|
| JP Morgan Chase | 527069152 | Emanuel Therapeutic Massage, Inc. | $27,737 |
| Regions | 190389263 | Hendris Castillo Morales | $2,450 |
| Regions | 152021793 | Alejandro Cura | $20,073 |
| Regions | 148934739 | Alejandro Cura | $42,710 |
| Regions | 152035425 | Maite Garcia & Reynaldo Castillo | $14,500 |
| TD Bank | 4281182330 | Emanuel Therapeutic Massage Inc. | $494,705 |
| TD Bank | 4270821535 | GLGV Rehabilitation Center | $77,055 |
| TD Bank | 4281020580 | Hendris Castillo Morales | $634,732 |
| TD Bank | 4287184158 | Hendris Castillo Morales | $3,180 |
| TD Bank | 4284583832 | Investors Group of Florida | $8,590 |
| TD Bank | 4270821527 | Julio Suarez | $109,891 |
| TD Bank | 4289252375 | Lisbet Castillo Batista | $135,001 |
| TD Bank | 4284584103 | JRG Rehabilitation Center Inc. | $480,498 |
| TD Bank | 4286095025 | H&C Services of Miami LLC | $19,640 |
| TD Bank | 4280707254 | Liberty Rehab Ins. | $101,900 |
| TD Bank | 4280215398 | Express Management Solution | $20,000 |
| TD Bank | 4270821585 | Therapeutic Massage Services of Okeechobee | $762,194 |
| TD Bank | 4277932228 | Reynaldo Castillo | $66,500 |
| TD Bank | 4284585309 | Mega Health Services Inc. | $137,216 |
| TD Bank | 4288377562 | One Star Medical Center Inc. | $9,389 |

| BANK | ACCOUNT NO. | ACCOUNT NAME | AMOUNT |
|---|---|---|---|
| Washington Mutual/Chase | 1801742586 | Maite Garcia | $158,121 |
| Washington Mutual/Chase | 1950636945 | Alejandro Jesus Cura or Daisy Febles | $18,515 |
| Wells Fargo | 1010297940234 | Lisbet Castillo Batista | $157,841 |
| Wells Fargo | 6042556727 | Reynaldo Castillo | $25,000 |
| Wells Fargo | 8827799126 | Premier Health Services Inc. | $97,868 |

4.      If the property described above as being subject to forfeiture, as a result of any act or omission of the defendants,

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with a third person;

(c)      has been placed beyond the jurisdiction of the Court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property which cannot be subdivided

         without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the gross proceeds traceable to the violations alleged in this Indictment and, in addition, to seek a court order requiring the defendants to return any such property to the jurisdiction of the court for seizure and forfeiture, including, but not limited to the following:

A.      Real Properties

1.      14132 S.W. 62th  Street, Miami, Fl. ;

2.      11330 S.W. 57th  Street, Miami, Fl.;

3.      431 E. 37th  Street, Hialeah, Fl.;

4.      710 E. 49th Street, Hialeah, Fl. ; and

5.      714 E. 49th Street, Hialeah, Fl.

B.      2012 Cadillac Escalade VIN 1GYS4BEF1CR138016.

All pursuant to Title 18, United States Code, Section 982(a)(7); and the procedures set forth at Title 21, United States Code, Section 853, as made applicable by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 982(a)(7); and the procedures set forth at Title 21, United States Code, Section 853, as made applicable by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____

FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
CHRISTOPHER J. CLARK
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. _____ |
| vs. | |
| **REYNALDO CASTILLO, et al.,** | **CERTIFICATE OF TRIAL ATTORNEY*** |
| _____ / Defendants. | **Superseding Case Information:** |

Court Division: (Select One)

|  |  | New Defendant(s) | Yes _____ No _____ |
|---|---|---|---|
| X   Miami | _____ Key West | Number of New Defendants | |
| _____ FTL | _____ WPB _____ FTP | Total number of counts | _____ |

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:     (Yes or No)     YES
   List language and/or dialect     _____Spanish_____

4. This case will take     6-10     days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                                              (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0   to   5 days | _____ | Petty | | _____ |
| II | 6   to 10 days | X | Minor | | _____ |
| III | 11 to 20 days | _____ | Misdem. | | _____ |
| IV | 21 to 60 days | _____ | Felony | | X |
| V | 61 days and over | _____ | | | |

6. Has this case been previously filed in this District Court?   (Yes or No)     No
   If yes:
   Judge: _____     Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?     (Yes or No)     No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No)     No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?     _____ Yes     X No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?     _____ Yes     X No

_____
Christopher J. Clark
ASSISTANT UNITED STATES ATTORNEY

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**  **REYNALDO CASTILLO**

**Case No**:

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**:      Twenty (20) years' imprisonment

Counts #: 2-12

Health Care Fraud

Title 18, United States Code, Section 1347

**\* Max. Penalty**      Ten (10) years' imprisonment as to each count

Counts #:

**\* Max. Penalty**:

Count #:

**\*Max. Penalty**:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**  **HENDRIS CASTILLO MORALES**

**Case No:**

Count #: 1

   Conspiracy to Commit Health Care Fraud and Wire Fraud

   Title 18, United States Code, Section 1349

**\* Max. Penalty:**      Twenty (20) years' imprisonment

Counts #: 2, 3, 5-12

   Health Care Fraud

   Title 18, United States Code, Section 1347

**\* Max. Penalty**      Ten (10) years' imprisonment as to each count

Counts #:



**\* Max. Penalty:**

Count #:




**\*Max. Penalty:**


**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name:** **LISBET CASTILLO BATISTA**

**Case No**:

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty:** Twenty (20) years' imprisonment

Counts #: 2, 6-12

Health Care Fraud

Title 18, United States Code, Section 1347

**\* Max. Penalty** Ten (10) years' imprisonment as to each count

Counts #:

**\* Max. Penalty**:

Count #:

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** **MAITE GARCIA**

**Case No:** _____

Count #: 1

  Conspiracy to Commit Health Care Fraud and Wire Fraud

  Title 18, United States Code, Section 1349

**\* Max. Penalty:**     Twenty (20) years' imprisonment

Counts #: 2, 5, 9

  Health Care Fraud

  Title 18, United States Code, Section 1347

**\* Max. Penalty**     Ten (10) years' imprisonment as to each count

Count #: 13

  Conspiracy to Pay Health Care Kickbacks

  Title 18, United States Code, Section   371

**\* Max. Penalty:**     Five (5) years' imprisonment

Counts #: 14-15

  Payment of Kickbacks in Connection with a Federal Health Care Program

  Title 42, United States Code, Section 1320a-7b(b)(2)(B))

  Five (5) years' imprisonment as to each count

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** **OSVALDO MARIN MEDINA**

Case No: _____

Count #: 1

    Conspiracy to Commit Health Care Fraud and Wire Fraud

    Title 18, United States Code, Section 1349

**\* Max. Penalty**:     Twenty (20) years' imprisonment

Count #: 12

    Health Care Fraud

    Title 18, United States Code, Section 1347

**\* Max. Penalty**     Ten (10) years' imprisonment

Counts #:

_____

_____

**\* Max. Penalty**:

Count #:

_____

_____

_____

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **ALEJANDRO BIART**

**Case No:** _____

Count #: 1

   Conspiracy to Commit Health Care Fraud and Wire Fraud

   Title 18, United States Code, Section 1349

**\* Max. Penalty:**      Twenty (20) years' imprisonment

Counts #: 11-12

   Health Care Fraud

   Title 18, United States Code, Section 1347

**\* Max. Penalty**      Ten (10) years' imprisonment

Counts #:

_____

_____

**\* Max. Penalty:**

Count #:

_____

_____

_____

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**  **ALEJANDRO JESUS CURA**

Case No: _____

Count #: 1

   Conspiracy to Commit Health Care Fraud and Wire Fraud

   Title 18, United States Code, Section 1349

**\* Max. Penalty**:      Twenty (20) years' imprisonment

Count #: 6

   Health Care Fraud

   Title 18, United States Code, Section 1347

**\* Max. Penalty**      Ten (10) years' imprisonment

Counts #:

**\* Max. Penalty**:

Count #:

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name:**  **DANIA CHAVEZ**

**Case No:**

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty:**      Twenty (20) years' imprisonment

Count #: 3

Health Care Fraud

Title 18, United States Code, Section 1347

**\* Max. Penalty**      Ten (10) years' imprisonment

Counts #:


**\* Max. Penalty:**

Count #:


**\*Max. Penalty:**


**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:  EZEQUIEL SEVERO CASAS**

Case No: _____

Count #: 1

   Conspiracy to Commit Health Care Fraud and Wire Fraud

   Title 18, United States Code, Section 1349

**\* Max. Penalty:**     Twenty (20) years' imprisonment

Count #: 10

   Health Care Fraud

   Title 18, United States Code, Section 1347

**\* Max. Penalty**     Ten (10) years' imprisonment

Counts #:

_____

_____

**\* Max. Penalty:**

Count #:

_____

_____

_____

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name:  HUMBERTO MARTINEZ RODRIGUEZ**

Case No: _____

Count #: 1

   Conspiracy to Commit Health Care Fraud and Wire Fraud

   Title 18, United States Code, Section 1349

**\* Max. Penalty:**      Twenty (20) years' imprisonment

Count #: 7

   Health Care Fraud

   Title 18, United States Code, Section 1347

**\* Max. Penalty**      Ten (10) years' imprisonment

Counts #:



**\* Max. Penalty:**

Count #:




**\*Max. Penalty:**


**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name:**  **JOSE GERARDO GONZALEZ**

**Case No:**

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty**:      Twenty (20) years' imprisonment

Counts #: 4,7

Health Care Fraud

Title 18, United States Code, Section 1347

**\* Max. Penalty**      Ten (10) years' imprisonment as to each count

Counts #:

**\* Max. Penalty:**

Count #:

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name:**   **JULIO SUAREZ**

**Case No:**

Count #: 1

   Conspiracy to Commit Health Care Fraud and Wire Fraud

   Title 18, United States Code, Section 1349

**\* Max. Penalty:**      Twenty (20) years' imprisonment

Counts #: 6-8, 10

   Health Care Fraud

   Title 18, United States Code, Section 1347

**\* Max. Penalty**      Ten (10) years' imprisonment as to each count

Counts #:

**\* Max. Penalty:**

Count #:

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** **NELSON RAMOS**

**Case No:** _____

Count #: 1

___Conspiracy to Commit Health Care Fraud and Wire Fraud___

___Title 18, United States Code, Section 1349___

**\* Max. Penalty**:    Twenty (20) years' imprisonment

Count #: 8

___Health Care Fraud___

___Title 18, United States Code, Section 1347___

**\* Max. Penalty**    Ten (10) years' imprisonment

Counts #:

_____

_____

**\* Max. Penalty:**

Count #:

_____

_____

_____

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name:  REINALDO CINTA GONZALEZ**

Case No: _____

Count #: 1

  Conspiracy to Commit Health Care Fraud and Wire Fraud

  Title 18, United States Code, Section 1349

**\* Max. Penalty:**  Twenty (20) years' imprisonment

Counts #: 3, 4, 6

  Health Care Fraud

  Title 18, United States Code, Section 1347

**\* Max. Penalty**  Ten (10) years' imprisonment as to each count

Counts #:

 

 

**\* Max. Penalty:**

Count #:

 

 

 

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

<u>PENALTY SHEET</u>

**Defendant's Name:   RUDY N DOMINGUEZ**

Case No: 

Count #: 1

   Conspiracy to Commit Health Care Fraud and Wire Fraud

   Title 18, United States Code, Section 1349

**\* Max. Penalty:**      Twenty (20) years' imprisonment

Count #: 11

   Health Care Fraud

   Title 18, United States Code, Section 1347

**\* Max. Penalty**      Ten (10) years' imprisonment

Counts #: 

**\* Max. Penalty:**

Count #: 

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **DIULYS MARTINEZ**

Case No: 

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\* Max. Penalty:**     Twenty (20) years' imprisonment

Count #: 2

Health Care Fraud

Title 18, United States Code, Section 1347

**\* Max. Penalty**     Ten (10) years' imprisonment

Counts #:


**\* Max. Penalty:**

Count #:



**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**